```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO. 00-6195-CIV-JORDAN
                        MAGISTRATE JUDGE SORRENTINO

DEMETRIOUS SALLEY,            :

        Plaintiff,            :

v.                            :       REPORT RE DISMISSAL
                                      28 U.S.C. §1915A(b)
JOHANNA K. SAXTON, et al.,    :

        Defendants.           :
_____
```

FILED by _____ D.C.
MAG. SEC.
MAR - 3 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.    MIAMI

On April 26, 1996, the following statute, 28 U.S.C. §1915A was enacted:

Sec. 1915A. Screening

(a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint--

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who



      is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

Demetrious Salley, a prisoner at the North Broward Detention Center, has filed a <u>pro se</u> document which the Clerk has docketed as a civil rights suit pursuant to 42 U.S.C. §1983.

Salley alleges that the Broward County Public Defender and one of his Assistant Public Defenders were negligent in the representation of Salley in a criminal case. He alleges malpractice and seeks damages.

This complaint fails to state a claim for several reasons. First, it is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) because the criminal conviction has not been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. Second, the public defender and his assistants do not act under color of state law within the meaning of 42 U.S.C. §1983. <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981); <u>Nelson v. Stratton</u>, 469 F.2d 1155 (5 Cir. 1972), cert. denied 410 U.S. 957 (1973).

It is therefore recommended that this case be dismissed pursuant to 28 U.S.C. §1915A(b)(1), because it fails to state a claim upon which relief can be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: March 3, 2000

UNITED STATES MAGISTRATE JUDGE

cc: Demetrious Salley, Pro Se
    Inmate No. 509920518
    North Broward Detention Center
    P. O. Box 407037
    Fort Lauderdale, FL 33340